FILED

01/17/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0295

DA 16-0295

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 11N

IN THE MATTER OF THE ESTATE OF:
JOHN P. COTE, SR.,

Deceased.

JOHN P. COTE, JR., individually,
KATHERIN CLEMMENCE, individually,
and KATHERIN CLEMMENCE and
BARBARA C. McEWEN, as Trustees
of the RUTH COTE TRUST,

Plaintiffs and Appellees,

v.

JANICE SMITH-COTE, individually and as
Personal Representative of the ESTATE OF
JOHN P. COTE, SR.,

Appellant and Defendant.

and FARMERS STATE FINANCIAL CORP.,

Defendant.

FILED

JAN 17 2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

APPEAL FROM:     District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DP 12-72
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Lon J. Dale, Esq., Michael D. Bybee, Esq., Milodragovich, Dale &
Steinbrenner, P.C., Missoula, Montana

Royce A. McCarty, Jr., Attorney at Law, Hamilton, Montana
(*Attorney for Janice Smith*)

For Appellee:

Robert Terrazas, Dana A. Henkel, Terrazas Law Office, Missoula, Montana
(*Attorney for Cotes*)

David Jackson, John H. Grant, Murry Warhank, Jackson, Murdo & Grant, P.C., Helena, Montana
(*Attorneys for Famers State Financial Corp.*)

Submitted on Briefs: December 7, 2016

Decided: January 17, 2017

Filed:

_____
Clerk

2

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Janice Smith-Cote appeals a Twenty-First Judicial District Court, Ravalli County, order declaring John P. Cote, Sr.'s January 5, 2011 will null and void, removing Smith-Cote as personal representative of John's estate, and removing a lis pendens on trust property. We address whether the District Court erred in reaching these decisions. We affirm.

¶3 In November 2009, John and Smith-Cote were married. Before they met, John was diagnosed with terminal cancer. On February 5, 2011, John succumbed to his illness and died. On January 5, 2011, exactly one month before his death, John signed a will leaving a broken-down El Camino to his son, John P. Cote, Jr. (JP), two Navajo blankets to his daughter, Katherin Clemmence, and the remainder of his property to Smith-Cote. The will also nominated Smith-Cote as the personal representative of John's estate. On October 3, 2012, Smith-Cote filed an application in Ravalli County District Court for informal probate of the January 5, 2011 will and for her appointment as personal representative of John's estate. Ravalli County is the location of 80 acres of real property, including a cabin, to which the Ruth Cote Trust holds title. Smith-Cote claimed John had a vested interest in this property. The District Court granted Smith-Cote's

application and issued an order admitting the January 5, 2011 will to informal probate and appointing Smith-Cote as personal representative.

¶4 On February 28, 2013, Barbara C. McEwen,[1] JP, and Clemmence (collectively, "the Cote Family"), filed a petition requesting the District Court to: (1) invalidate the January 5, 2011 will, (2) probate John's October 1980 will, (3) remove Smith-Cote as personal representative, and (4) issue a declaratory judgment that neither Smith-Cote nor John's estate holds any interest in the Ruth Cote Trust property. The Cote Family also asserted claims against Smith-Cote for breach of contract, tortious interference, and breach of fiduciary duty. Smith-Cote counterclaimed and filed a lis pendens on the Ruth Cote Trust property. On June 30, 2014, the Cote Family amended their petition, adding claims against Smith-Cote for undue influence, conversion, fraud, and unjust enrichment related to the execution of the January 5, 2011 will.[2] On July 30, 2014, the District Court issued an order granting the Cote Family's petition for a declaratory judgment that neither Smith-Cote nor John's estate holds any interest in the Ruth Cote Trust property.

¶5 On August 31 and September 1, 2015, the District Court held a two-day bench trial. On the eve of trial, Smith-Cote's counsel disclosed the existence of a will John had signed on January 2, 2011, and advised the District Court that the signed will was in Renton, Washington. Later that day, the District Court obtained a signed copy of the January 2, 2011 will from the Hamilton office of probate counsel Royce Allen McCarty, Jr. On September 8, 2015, the January 2, 2011 will was filed in the District Court.

---

[1] McEwen is a co-trustee of the Ruth Cote Trust.

[2] The Cote Family also filed claims against Smith-Cote regarding Farmers State Financial Corporation stock that is not subject to this appeal.

4

¶6 On October 27, 2015, the Cote Family filed a motion for sanctions, asking the District Court to enter a default judgment striking the January 2 and January 5, 2011 wills, and removing Smith-Cote as personal representative as sanctions for Smith-Cote's alleged fraud, discovery abuses, and violations of court orders. On May 9, 2016, the District Court issued an order denying probate of the January 5, 2011 will as a sanction for discovery violations. The Court also issued alternative findings of fact, conclusions of law, and order denying probate of the January 5, 2011 will on the basis that John lacked testamentary capacity when he signed it. The District Court also ordered Smith-Cote to remove her lis pendens on the Ruth Cote Trust property. Smith-Cote appeals the District Court's May 9, 2016 order.

¶7 We review a district court's findings of fact, including whether a testator has testamentary capacity, for clear error and its conclusions of law, including statutory interpretation, for correctness. *See In re Estate of Quirin*, 2015 MT 132, ¶¶ 10, 17, 379 Mont. 173, 348 P.3d 658. A district court's findings are clearly erroneous if they are not supported by substantial evidence, if the court misapprehended the effect of the evidence, or if our review of the record convinces us that the district court made a mistake. *Quirin*, ¶ 10. We review a district court's removal of an estate's personal representative for an abuse of discretion. *In re Estate of Hannum*, 2012 MT 171, ¶ 18, 366 Mont. 1, 285 P.3d 463. A district court "abuses its discretion when it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason resulting in substantial injustice." *Hannum*, ¶ 18.

5

¶8 Although the District Court denied probate of the January 5, 2011 will on two separate bases—as a sanction and due to its conclusion that the will was invalid—we resolve this case on the latter basis. Therefore, we address only the District Court's May 9, 2016 alternative findings of fact, conclusions of law, and order in which the District Court found that John lacked testamentary capacity, and that Smith-Cote exerted undue influence in procuring the 2011 will.

¶9 A testator has testamentary capacity if, at the time the will is executed, he or she is "aware of . . . (1) the nature of the act to be performed, (2) the nature and the extent of the property to be disposed of, and (3) the objects of his or her bounty." *Quirin*, ¶ 18 (quoting *In re Estate of Lightfield*, 2009 MT 244, ¶ 28, 351 Mont. 426, 213 P.3d 468). "Testamentary capacity is determined as of the date the will was executed." *Lightfield*, ¶ 28. Contestants of a will may rebut the presumption that the testator was competent and of sound mind by establishing "lack of testamentary intent or capacity, undue influence, fraud, duress, mistake, or revocation." *Lightfield*, ¶ 28.

¶10 Undue influence consists of:

(1) the use by one in whom a confidence is reposed by another person or who holds a real or apparent authority over the other person of the confidence or authority for the purpose of obtaining an unfair advantage over the other person;
(2) taking an unfair advantage of another person's weakness of mind; or
(3) taking a grossly oppressive and unfair advantage of another person's necessities or distress.

Section 28-2-407, MCA. We have found undue influence where property transfers were made to a person with a confidential relationship, to the exclusion of others, when the testator's mental and physical health were failing. *See Lightfield*, ¶¶ 36-37, 40. Based on

testimony during the two-day hearing, the District Court found that Smith-Cote "had complete control over John during the last days before his death," and controlled and administered his medication and every other aspect of his life, including contact with his family. The District Court further found that it was Smith-Cote, not John, who initiated "drastic changes" to John's estate plan, causing him to disinherit his son in favor of herself at a time when he lacked testamentary capacity.

¶11 The District Court found that the following evidence weighed in favor of a finding that John lacked testamentary capacity when he signed the January 5, 2011 will: Smith-Cote controlled JP's private access to John because John was physically and mentally incapable of holding and using a cell phone without Smith-Cote's presence; on January 2, 2011, John's pain medications doubled; on January 3, 2011, John's mental status was "lethargic," Smith-Cote was administering Lorazepam and Oxycodone every two to four hours for pain, extreme shaking, and severe diaphoresis, and John switched to liquid morphine for faster uptake; and John signed both his initials and name incorrectly on the will. The District Court found that John lacked testamentary capacity because the January 5, 2011 will was executed "at a time when John was under [Smith-Cote]'s complete care and control and when he was heavily medicated with narcotic painkillers and tranquilizers." Ultimately, the District Court concluded: "John's 2011 wills are invalid due to both [Smith-Cote]'s undue influence in prompting the changes with inaccurate representations, and John's lack of capacity."

¶12 Smith-Cote contends that, in reaching its conclusion, the District Court "ignored the controlling testimony of subscribing witnesses to the January 5, 2011 Will."

7

Specifically, Smith-Cote cites testimony by Dan Kellogg, the attorney she retained to change John's estate plan. The District Court found Kellogg's testimony "unpersuasive" because "Kellogg met John only on the afternoon of January 5, 2011[, and] was retained by [Smith-Cote] and misinformed regarding John, his capacity, and his Estate," citing a litany of pertinent facts Kellogg admitted he did not know. By contrast, the District Court found that Dr. Eric Kress, who reviewed John's medical records, provided testimony demonstrating that "John was cognitively impaired and did not have the mental capacity to execute a will." The District Court held a two-day bench trial, during which it weighed the testimony of the various witnesses presented by both parties. At the end of the trial, it found the Cote Family's evidence more persuasive than that of Smith-Cote. This was well within the District Court's purview as the trier of fact. *See Quirin*, ¶ 22 ("Where conflicting evidence exists, we will not substitute our judgment for the district court's."). Substantial record evidence supports the District Court's factual findings. *See Quirin*, ¶ 10.

¶13     Smith-Cote also contends that the District Court erred in removing her as personal representative of John's estate. Trial courts have "broad discretion to remove a personal representative provided the grounds for removal are valid and supported by the record." *Hannum*, ¶ 28. A district court "may remove a personal representative for cause if it is in the best interests of the estate" or if the personal representative has breached any single duty pertaining to his or her office. *Hannum*, ¶ 27 (citing § 72-3-526(2), MCA). "A personal representative is a fiduciary who shall observe the standards of care applicable to trustees under the laws of the state of Montana." Section 72-3-610, MCA. A personal

representative's improper exercise of power concerning the estate is considered a breach of his or her fiduciary duty. Section 72-3-616(1), MCA.

¶14 The District Court removed Smith-Cote as personal representative because it found that she breached her fiduciary duty to John's estate, as "demonstrated by the following actions:"

1. her failure to act in the Estate's best interests;
2. her refusal to provide the Cote Family with John's purported will;
3. her threats to JP regarding attorney fees for seeking information rightfully belonging to him;
4. her failure to distribute the estate according to the terms of John's ostensible will;
5. her failure to provide a timely inventory;
6. her failure to provide an accurate inventory;
7. her failure to fully respond to several discovery requests necessitating the Cote Family to file multiple motions to compel;
8. her failure to provide the medical records of Dr. Scott Tykodi or Carlos Alaniz;
9. her failure to produce medical and hospice records;
10. her failure to produce complete life insurance records;
11. her failure to produce documents and records from John's Boeing insurance, pension, and employment;
12. her failure to maintain the Ruth Cote Trust property when she improperly seized it.

Based on its finding that Smith-Cote breached her fiduciary duty, the District Court also awarded attorney fees against Smith-Cote pursuant to § 72-3-616, MCA (providing that a personal representative is liable to interested persons for damage or loss resulting from the breach of his or her fiduciary duty). The District Court's findings are supported by

9

substantial record evidence. The District Court properly weighed the evidence before it and its findings are not clearly erroneous.[3] *See Quirin*, ¶ 10.

¶15 Finally, Smith-Cote contends that the District Court improperly ordered her to remove the lis pendens on the Ruth Cote Trust property, contending that the District Court's finding that Smith-Cote has no interest in the Trust is interlocutory. In its July 30, 2014 order, the District Court held: "[T]he Estate of John P. Cote[, Sr.] and Ms. Smith-Cote lack standing to participate in Trust administration or to demand information, accountings, or distribution of the Trust." We reject Smith-Cote's assertion that this was not a final judgment, as it was dispositive of all issues regarding the Ruth Cote Trust in relation to Smith-Cote and to John's estate.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct, and its findings of fact are not clearly erroneous. We affirm.

_____
                                    Justice

We Concur:

_____
        Chief Justice

---

[3] Because we are affirming the District Court's award of attorney fees under § 72-3-616, MCA, and not pursuant to the District Court's alternative basis, these fees are assessed only against Smith-Cote personally.

Justices